**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CEDRIC SHINE,

Plaintiff,

v.

MAJOR LEAGUE SOCCER, L.L.C., SOCCER UNITED MARKETING, LLC, JOHN DOE 1-5, and DOE CORPORATIONS 1-5,

Defendants.

Civil Action No. 1:25-cv-05895-DLC

**ECF CASE**

**DEFENDANTS MAJOR LEAGUE SOCCER, L.L.C.'S AND SOCCER UNITED MARKETING, L.L.C.'S JOINT ANSWER AND AFFIRMATIVE DEFENSES**

Defendants Major League Soccer, L.L.C. ("MLS") and Soccer United Marketing, L.L.C., ("SUM") (collectively, the "Defendants"), by and through their undersigned attorneys, answer the Complaint filed by Plaintiff Cedric Shine ("Plaintiff") herein as follows:

## AS TO "INTRODUCTION"

1. Paragraph 1 of the Complaint contains a characterization of this action, to which no response is required. To the extent a response may be deemed required, Defendants deny the allegations in Paragraph 1 of the Complaint.

2. Defendants deny the allegations in Paragraph 2 of the Complaint.

3. Defendants deny the allegations in Paragraph 3 of the Complaint, except aver that Plaintiff served as the co-chair of the MLS employee resource group "PITCH BLACK" during a portion of his employment.

4. Defendants deny the allegations in Paragraph 4 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that an unnamed "senior executive" told Plaintiff "that he was about to be promoted from Director to Senior Director."

5. Defendants deny the allegations in Paragraph 5 of the Complaint.

6. Defendants deny the allegations in Paragraph 6 of the Complaint.

7. Defendants deny the allegations in Paragraph 7 of the Complaint.

8. Defendants deny the allegations in Paragraph 8 of the Complaint, except admit that Plaintiff was promoted.

9. Defendants deny the allegations in Paragraph 9 of the Complaint.

10. Defendants deny the allegations in Paragraph 10 of the Complaint.

11. Defendants deny the allegations in Paragraph 11 of the Complaint, except aver that Plaintiff mentioned to Gary Stevenson ("Stevenson") that Plaintiff wished to meet with him without mentioning the subject of the meeting, and that Stevenson suggested Plaintiff contact his assistant to schedule a meeting. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purpose of any such meeting that Shine wished to have with Stevenson.

12. Defendants deny the allegations in Paragraph 12 of the Complaint.

13. Defendants deny the allegations in Paragraph 13 of the Complaint.

**AS TO "JURISDICTION AND VENUE"**

14. The allegations in Paragraph 14 constitute conclusions of law to which no response is required. To the extent that a response may be deemed required, Defendants admit that Plaintiff purports to allege proper jurisdiction in Paragraph 14 of the Complaint, but otherwise deny the allegations contained in Paragraph 14 of the Complaint.

15. The allegations in Paragraph 15 constitute conclusions of law to which no response is required. To the extent a response may be deemed required, Defendants admit that Plaintiff purports to allege proper venue and that Defendants maintain their principal place of business in

New York where Plaintiff worked, but otherwise deny the allegations contained in Paragraph 15 of the Complaint.

**AS TO "THE PARTIES"**

16. Defendants deny the allegations in Paragraph 16 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff was a resident of Blomfield, New Jersey, during the time period Plaintiff alleges.

17. Defendants deny the allegations in Paragraph 17 of the Complaint, except aver that MLS is a limited liability company organized under the laws of Delaware, with its principal place of business in New York, New York.

18. Defendants deny the allegations in Paragraph 18 of the Complaint, except aver that SUM is a limited liability company organized under the laws of Delaware with its principal place of business in New York, New York.

19. The allegations in Paragraph 19 of the Complaint constitute legal conclusions to which no response is required. To the extent a response may be deemed required, Defendants aver that the statute speaks for itself and that Plaintiff was employed by MLS and SUM.

**AS TO "PROCEDURAL PREREQUISITES"**

20. Defendants deny the allegations in Paragraph 20 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff having mailed copies of the Complaint to "the New York City Commission of Human Rights [ ] and the Office of the Corporation Counsel of the City of New York [ ] pursuant to the notice requirements of 8-502 of the New York City Administrative Code".

**AS TO "FACTUAL BACKGROUND RELEVANT TO ALL CAUSES OF ACTION"**

21. Defendants deny the allegations in Paragraph 21 of the Complaint, except aver that Plaintiff began working for Defendants in or around December 2022.

22. Defendants deny the allegations in Paragraph 22 of the Complaint.

23. Defendants deny the allegations in Paragraph 23 of the Complaint.

24. Defendants admit the allegations in Paragraph 24 of the Complaint.

25. Defendants deny the allegations in Paragraph 25 of the Complaint, except aver that Plaintiff presented himself as qualified for the position for which he was initially hired based on the information he provided to Defendants about his background and experience.

26. Defendants deny the allegations in Paragraph 26 of the Complaint.

27. Defendants deny the allegations in Paragraph 27 of the Complaint, except aver that Jesse Perl was terminated on or about February 7, 2025, that Marcela Garcia ("Garcia") was appointed as the Vice President of Brand Marketing on or about February 10, 2025, and that Radhika Duggal ("Duggal") was appointed the Senior Vice President and Chief Marketing Officer on or about April 2, 2024.

28. Defendants deny the allegations in Paragraph 28 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's feelings or state of mind about working with Garcia and Duggal.

29. Defendants deny the allegations in Paragraph 29 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff learned from an unnamed "member of MLS senior management" about his "promotion to Senior Director" which was later confirmed with an unnamed "senior member of the MLS Human Resources team."

30. Defendants deny the allegations in Paragraph 30 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's feelings or state of mind.

31. Defendants deny the allegations in Paragraph 31 of the Complaint.

32. Defendants deny the allegations in Paragraph 32 of the Complaint.

33. Defendants deny the allegations in Paragraph 33 of the Complaint, except aver that Plaintiff asked to speak with Duggal and Garcia about the decision not to promote him.

34. Defendants deny the allegations in Paragraph 34 of the Complaint.

35. Defendants deny the allegations in Paragraph 35 of the Complaint, except aver that Bethany Tressler ("Tressler"), the Vice President of Human Resources, and Jennifer Carroll ("Carroll"), the Senior Vice President of Human Resources, met with Plaintiff.

36. Defendants deny the allegations in Paragraph 36 of the Complaint, except aver that Plaintiff complained about not being promoted.

37. Defendants deny the allegations in Paragraph 37 of the Complaint.

38. Defendants deny the allegations in Paragraph 38 of the Complaint.

39. Defendants deny the allegations in Paragraph 39 of the Complaint.

40. Defendants deny the allegations in Paragraph 40 of the Complaint.

41. Defendants deny the allegations in Paragraph 41 of the Complaint, except aver that Duggal informed Plaintiff that Plaintiff was being promoted to a Senior Director role.

42. Defendants deny the allegations in Paragraph 42 of the Complaint, except aver that any purported email communication speaks for itself.

43. Defendants deny the allegations in Paragraph 43 of the Complaint, including its subparts.

44. Defendants deny the allegations in Paragraph 44 of the Complaint.

45. Defendants deny the allegations in Paragraph 45 of the Complaint.

46. Defendants deny the allegations in Paragraph 46 of the Complaint.

47. Defendants deny the allegations in Paragraph 47 of the Complaint, except aver that, on or about April 8, 2025, Carroll and Tressler from Human Resources met with Plaintiff.

48. Defendants deny the allegations in Paragraph 48 of the Complaint.

49. Defendants deny the allegations in Paragraph 49 of the Complaint, except admit that Camilo Durana ("Durana") met with Plaintiff on or about April 7, 2025.

50. Defendants deny the allegations in Paragraph 50 of the Complaint.

51. Defendants deny the allegations in Paragraph 51 of the Complaint.

52. Defendants deny the allegations in Paragraph 52 of the Complaint.

53. Defendants deny the allegations in Paragraph 53 of the Complaint.

54. Defendants deny the allegations in Paragraph 54 of the Complaint.

55. Defendants deny the allegations in Paragraph 55 of the Complaint.

56. Defendants deny the allegations in Paragraph 56 of the Complaint, except aver that Plaintiff offered feedback to another employee in an inappropriate manner.

57. Defendants deny the allegations in Paragraph 57 of the Complaint.

58. Defendants deny the allegations in Paragraph 58 of the Complaint.

59. Defendants deny the allegations in Paragraph 59 of the Complaint, except deny knowledge or information sufficient to form a belief as to the status of Plaintiff's mental health.

60. Defendants deny the allegations in Paragraph 60 of the Complaint.

61. Defendants deny the allegations in Paragraph 61 of the Complaint.

62. Defendants deny the allegations in Paragraph 62 of the Complaint, except aver that Plaintiff mentioned to Stevenson that Plaintiff wished to meet with him without mentioning the subject of any meeting, and that Stevenson suggested Plaintiff contact his assistant to schedule a meeting. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purpose of any such meeting that Shine wished to have with Stevenson.

63. Defendants deny the allegations in Paragraph 63 of the Complaint, except aver that Stevenson suggested to Plaintiff that he contact Stevenson's assistant if he wanted to set up a meeting.

64. Defendants deny the allegations in Paragraph 64 of the Complaint, except aver that Plaintiff's employment was terminated on or about May 9, 2025.

65. Defendants deny the allegations in Paragraph 65 of the Complaint.

66. Defendants deny the allegations in Paragraph 66 of the Complaint, but aver that any purported email communication speaks for itself.

67. Defendants deny the allegations in Paragraph 67 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's feelings or state of mind.

68. Defendants deny the allegations in Paragraph 68 of the Complaint, except aver that Defendants received a complaint from a third party that Shine acted inappropriately on a phone call.

69. Defendants deny the allegations in Paragraph 69 of the Complaint.

70. Defendants deny the allegations in Paragraph 70 of the Complaint.

71. Defendants deny the allegations in Paragraph 71 of the Complaint.

**AS TO "AS AND FOR A CAUSE OF ACTION AGAINST MAJOR LEAGUE SOCCER <u>NYCHRL: Retaliation</u>"**

72. Defendants repeat and restate each of the above responses as if fully set forth herein.

73. To the extent the allegations in Paragraph 73 of the Complaint contain legal conclusions, no response is required. To the extent a response may be deemed required, Defendants deny the allegations in Paragraph 73 of the Complaint.

74. Defendants deny the allegations in Paragraph 74 of the Complaint.

75. Defendants deny the allegations in Paragraph 75 of the Complaint.

76. Defendants deny the allegations in Paragraph 76 of the Complaint.

77. Defendants deny the allegations in Paragraph 77 of the Complaint.

78. Defendants deny the allegations in Paragraph 78 of the Complaint.

**<u>AS TO "JURY TRIAL DEMAND"</u>**

Defendants acknowledge that Plaintiff is seeking to demand a trial by jury on all issues so triable in the Complaint, but otherwise deny the allegations contained in Plaintiff's "Jury Trial Demand" insofar as Plaintiff alleges or implies any wrongdoing by Defendants, that he is entitled to damages or any other relief from Defendants, or that he has a valid claim against Defendants.

Defendants deny each and every allegation in the Complaint that has not previously been specifically admitted or denied.

Defendants deny that Plaintiff is entitled to any of the relief sought in the "**WHEREFORE**" clause of the Complaint, deny that they violated any law, and further deny that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

As separate Affirmative Defenses to the Complaint and without conceding that Defendants bear the burden of proof or persuasion as to any of them, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a cause of action upon which relief may be granted or for which the damages sought may be awarded.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because, at all relevant times, Defendants acted in good faith toward Plaintiff, and any actions taken towards Plaintiff were for legitimate, non-discriminatory, non-retaliatory business reasons.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's retaliation claim is barred because no action taken with respect to Plaintiff was motivated by Plaintiff's engagement in protected activity, and no causal link exists between any alleged protected activity and any action taken with respect to Plaintiff. Instead, any actions taken by Defendants with respect to Plaintiff were based solely on legitimate, non-discriminatory, and non-retaliatory business reasons.

### FOURTH AFFIRMATIVE DEFENSE

If, and to the extent that, any action taken with respect to Plaintiff was motivated by Plaintiff's engagement in protected activity, which Defendants expressly deny, Defendants would have taken the same action for non-retaliatory reasons.

### FIFTH AFFIRMATIVE DEFENSE

At all relevant times, Defendants acted in good faith and in accordance with applicable laws and Defendants' standard company policies, including Defendants' policies and procedures for the prevention and detection of unlawful discriminatory and retaliatory practices against

employees. Any actions taken towards Plaintiff were based on legitimate, non-discriminatory, and non-retaliatory business reasons.

**SIXTH AFFIRMATIVE DEFENSE**

At all relevant times hereto, including prior to the allegedly discriminatory or retaliatory acts referred to in the Complaint, Defendants adopted, maintained, and communicated appropriate policies and made good faith efforts to comply with anti-discrimination and/or retaliation laws. Defendants exercised reasonable care to prevent and correct promptly any unlawful behavior, and Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by Defendants or to avoid harm otherwise. Some or all of Plaintiff's claims are barred because even if any unlawful discrimination and/or retaliation occurred (which Defendants deny), such conduct was and is prohibited by Defendants' policies and was not committed or authorized by Defendants. Defendants never authorized, ratified, or participated in any discriminatory and/or retaliatory conduct regarding Plaintiff.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to mitigate or avoid any of the damages alleged in the Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

Any alleged damages were caused or contributed to by Plaintiff's own actions.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because he has not suffered any injury or damage as a result of any act or omission of Defendants.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are or may be barred, in whole or in part, by the equitable doctrines of waiver, estoppel, laches, and/or unclean hands.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for relief are barred, in whole or in part, if and to the extent Plaintiff failed to comply with the administrative, procedural, and jurisdictional requirements of the New York State Human Rights Law, the New York City Administrative Code (the "Administrative Code"), or any other applicable law.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for relief are barred, in whole or in part, to the extent they were not filed within the applicable statutes of limitations and/or filing period(s).

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendants are not liable to Plaintiff for the acts or omissions of any supervisory or managerial employees that were beyond the scope of their employment.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for relief may be limited by the after-acquired evidence doctrine.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for damages based upon emotional, mental or physical injuries, are barred by the exclusivity provisions of the applicable workers' compensation laws.

**SIXTEENTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff suffered damages as alleged, such damages were caused or contributed to by Plaintiff's own actions or actions of others over whom Defendants exercised no control.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is precluded from recovering the damages alleged in the Complaint because those damages are too vague, uncertain and speculative to permit recovery.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's damages are barred, in whole or in part, because Defendants acted in good faith and had reasonable grounds for the belief that their alleged acts or omissions were not violations of the law.

**NINETEENTH AFFIRMATIVE DEFENSE**

Defendants are not liable for exemplary or punitive damages, because neither they nor any of their agents committed any unlawful acts with willful, malicious, or reckless indifference to the protected rights of Plaintiff, nor did Defendants authorize or ratify such practices.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, were not directly or proximately caused by Defendants, and any damages which Plaintiff has allegedly sustained would have been sustained regardless of any act or omission by Defendants.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to the relief sought in the Complaint to the extent said relief is not available under the applicable statutes, regulations, or other relevant provisions of law.

**RESERVATION OF RIGHTS**

Defendants reserve the right to amend this Answer and to assert additional defenses and/or to supplement, alter, or change their Answer and defenses upon completion of appropriate investigation and discovery.

Defendants hereby give notice that they will rely on all defenses lawfully available to them at the time of trial and intend to rely upon any other defenses that may become available or apparent during discovery in this matter.

Defendants do not consent to the trial by jury of any issue not required by law to be tried to a jury, including but not limited to any determination of equitable remedies.

**WHEREFORE**, Defendants pray for judgment as follows:

(1) Denying all of the relief prayed for in the Complaint;

(2) Entering judgment against Plaintiff and for Defendants;

(3) Awarding Defendants their costs, including reasonable attorneys' fees and expenses, in the amount and manner permitted by applicable law; and

(4) Granting such other and further relief as the Court deems just and proper.

Dated: October 6, 2025

Respectfully submitted,

*<u>/s/ Elise M. Bloom</u>*

Elise M. Bloom
Noa M. Baddish
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
Telephone: (212) 969-3410
Fax: (212) 969-2900
ebloom@proskauer.com
nbaddish@proskauer.com

*Attorneys for Defendants*